**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA**

**Alexandria Division**

| | | |
|---|---|---|
| **Curtis Ray Brooks,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **1:22cv305 (LMB/JFA)** |
| | ) | |
| **Tonya Chapman, et al.,** | ) | |
| **Defendants.** | ) | |

<u>MEMORANDUM OPINION</u>

This matter is before the Court upon a Motion to Dismiss ("Motion") [Dkt. No. 13] filed

by Ralph Northam ("Governor Northam" or "Northam"), the former Governor of Virginia, who

is one of six defendants named in this civil rights action filed under 42 U.S.C. § 1983 by Virginia

state prisoner Curtis Ray Brooks ("plaintiff" or "Brooks").  Brooks alleges that Northam and

members of the Virginia Parole Board violated his constitutional rights when they denied him

parole in April 2021.  [Dkt. No. 1].  Governor Northam argues in his Motion, which was

accompanied by a proper <u>Roseboro</u>[1] notice, <u>see</u> [Dkt. No. 15], that the Complaint fails to state

any viable claim for relief against him, a position plaintiff opposes, <u>see</u> [Dkt. Nos. 16-17].  For

the reasons that follow, Governor Northam's Motion to Dismiss will be granted.

**I.**

The Complaint focuses on the Virginia Parole Board's decision to deny plaintiff parole in

April 2021[2] but does not offer a standalone recitation of facts related to this event.  Instead, the

---

[1] <u>See</u> <u>Roseboro v. Garrison</u>, 528 U.S. 309 (4th Cir. 1975).

[2] The Complaint alleges that the Parole Board issued its parole denial decision on April 7, 2021, but an exhibit attached to the Complaint indicates that the Board rendered its decision a day later. <u>See</u> [Dkt. No. 1] at 9.

Complaint is separated into six legal claims, which are supported by very limited factual

allegations and legal argument. <u>See</u> [Dkt. No. 1].  The only claims implicating Governor

Northam are Claims 2 and 5,[3] which are transcribed below, verbatim, followed by a summary of

additional relevant factual allegations plaintiff offered in relation to the claims.

### *Claim #2*

> Petitioner claims that the Virginia Parole Board violated his Sixth & Fourteenth
> Amendment constitutional rights by depriving him of his "vested liberty interest"
> or "expectations of a full and fair consideration for parole release" in abuse of its
> authority by making the arbitrary and capricious decision that petitioner "should
> serve more of his sentence prior to his being released on parole."

[Dkt. No. 1] at 11.  As it relates to Governor Northam, the Complaint alleges that "the previous

Governor of Virginia is . . . culpable for the misconduct or 'abuse of office' by public officials or

officers appointed by the Governor, who's [sic] actions, or knowing offensive actions of his

appointed officers, subjects the wrongdoers to impeachment by the 'House of Delegates,' and

'prosecuted before the Senate, which <u>shall</u> have the sole power to try impeachments.'" <u>Id.</u> at 12.

### *Claim #5*

> Petitioner claims that the Virginia Parole Board Members violated his Sixth &
> Fourteenth Amendment constitutional rights by depriving him of a "fundamentally
> fair parole review" and causing him discrimination when it denied him the
> required five (5) parole board members to consider him for parole release.

---

[3] In his opposition to the Motion, plaintiff argues that Governor Northam is also implicated in
Claim 4.  <u>See</u> [Dkt. No. 16] at 12-15.  But the Complaint fails to even mention Governor
Northam under Claim 4, and the Court thus concludes that Northam *is not* implicated in the
claim.  <u>See</u> <u>Hurst v. District of Columbia</u>, 681 F. App'x 186, 194 (4th Cir. 2017) (observing that
"a plaintiff may not amend her complaint via briefing") (citing <u>Comm of Pa. v. PepsiCo, Inc.</u>,
836 F.2d 173, 181 (3d Cir. 1988)); <u>Zachair, Ltd. v. Driggs</u>, 965 F. Supp. 741, 748 n.4 (D. Md.
1997) (stating that a plaintiff is "bound by the allegations contained in [his] complaint and
cannot, through the use of motion briefs, amend the complaint"), <u>aff'd</u>, 141 F.3d 1162 (4th Cir.
1998).

[Dkt. No. 1] at 32.  Unlike Claim 2, which fails to implicate him directly, Claim 5 charges Northam with a direct omission—the failure to ensure that the Virginia Parole Board was furnished with five members.  Id.  Plaintiff claims that the Constitution of Virginia and Va. Code § 53.1-134 not only empower the Governor to fill vacancies on the parole board but require such action.  Id.  Specifically, plaintiff cites to Art. 5, § 10 of the Constitution of Virginia, which states that "the Governor shall appoint each officer serving as the head of an administrative department or division of the executive branch of the government, subject to such confirmation as the General Assembly may prescribe."  VA. CONST. art. 5, § 10.  He also invokes section 53.1-134 of the Virginia Code, which states that "[t]here shall be a Parole Board which shall consist of up to five members appointed by the Governor and subject to confirmation by the General Assembly, if in session when such appointment is made, and if not in session, then at its next succeeding session."  Va. Code § 53.1-134.  Plaintiff argues that because Governor Northam failed to abide by these directives, plaintiff was deprived of a "fundamentally fair" opportunity to be heard by a full panel of the Virginia Parole Board.  [Dkt. No. 1] at 33.

## II.

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure requires a court to consider the sufficiency of a complaint, not to resolve contests surrounding facts, the merits of a claim, or the applicability of defenses.  Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992).  To withstand a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  To do so, the complaint must allege specific facts in support of each element

3

of each claim it raises; "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," do not suffice. Id.

## III.

As stated above, in Claim 2, plaintiff asserts that the members of the Virginia Parole Board violated his rights under the Sixth and Fourteenth Amendments when they made the "arbitrary and capricious decision that petitioner should serve more of his sentence prior to his being released on parole." [Dkt. No. 1] at 11 (internal quotation marks omitted). This claim does not entitle plaintiff to relief against Northam.

First, although plaintiff invokes the Sixth Amendment in this claim, that Amendment has no relevance to Claim 2 because it is limited to providing persons accused of criminal offenses with legal protections during criminal prosecutions. See, e.g., Kirby v. Illinois, 406 U.S. 682, 690 (1972). Because parole decisions are "not part of a criminal prosecution," the Sixth Amendment does not provide plaintiff any basis for relief. See Morrissey v. Brewer, 408 U.S. 471, 480 (1972) (observing that parole "arises after the end of the criminal prosecution, including imposition of sentence").

The Complaint also fails to state any viable cause of action against Governor Northam under the Fourteenth Amendment. This is so because Claim 2 fails to identify any acts or omissions Northam personally took that led to a violation of plaintiff's rights. Rather, the Complaint merely states that the governor "is culpable for the misconduct or abuse of office by public officials" he appoints. [Dkt. No. 1] at 12 (internal quotation marks omitted).

Section 1983 imposes liability on a defendant who has personally acted to deprive a plaintiff of rights. As such, the doctrine of respondeat superior, which provides that an employer may be held liable for the wrongful acts of an employee or agent, is not a cognizable basis for a

4

claim under the statute.  See Vinnedge v. Gibbs, 550 F.2d 926, 928 (4th Cir. 1977); Nichols v. Md. Corr. Inst. – Jessup, 186 F. Supp. 2d 575, 583 (D. Md. 2002).

Under the theory of supervisory liability, a supervisor may be liable under § 1983 for the acts or omissions of his subordinates, but only to the extent the supervisor's acts or omissions were themselves "causative factor[s] in the constitutional injuries . . . inflict[ed] on those committed to their care."  See Shaw v. Stroud, 13 F.3d 791, 798 (4th Cir. 1994).  To state a supervisory liability claim, a complaint must allege facts showing (1) that the supervisor-defendant knew his or her subordinate "was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury;" (2) that the supervisor's response showed "deliberate indifference to or tacit authorization of the alleged offensive practices;" and (3) that there was an "affirmative causal link" between the supervisor's inaction and the constitutional injury suffered by the plaintiff.  Id. at 799 (quotation marks and citations omitted).

Here, the Complaint offers only a single conclusory allegation that Governor Northam had any knowledge of any of the actions taken by members of the Virginia Parole Board.  See [Dkt. No. 1] at 12 ("[T]he previous Governor of Virginia is . . . culpable for the misconduct or "abuse of office" by public officials or officers appointed by the Governor, who's [sic] actions, or knowing offensive actions of his appointed officers, subjects the wrongdoers to impeachment . . . .").  This statement is insufficient.  Although a district court must accept a complaint's allegations as true at the motion to dismiss stage, it need not accept conclusory allegations—that is, allegations "devoid of any reference to actual events," Smith v. Soc. Sec. Admin., No. GLR-16-3751, 2017 WL 1230820, at *1 (D. Md. Apr. 4, 2017)—which are insufficient to support a viable claim for relief.  See Beck v. McDonald, 848 F.3d 262, 270 (4th Cir. 2017) ("We do not

5

. . . apply the same presumption of truth to conclusory statements and legal conclusions . . . .")
(internal quotation marks omitted).

In a belated effort to salvage Claim 2, plaintiff includes in his Opposition to the Motion
to Dismiss additional allegations and legal theories not originally offered in the Complaint.  For
example, plaintiff claims that "Defendant Northram [sic] has long been aware of his Boards [sic]
illegal and unfair execution of [] parole procedures, and continued to sanction or approve of his
Boards [sic] actions . . . ." [Dkt. No. 16] at 10.  But this allegation, like the one offered in the
Complaint, is conclusory and therefore insufficient to hold Northam liable.

Plaintiff also claims in his Opposition that Governor Northam had a "duty" to uphold the
constitutionality of the Parole Board's acts.  See [Dkt. No. 16] at 10.  This allegation, too, fails to
support liability because the theory that a defendant has breached a "duty" and harmed a plaintiff
is effectively a claim that the defendant acted negligently, and negligence is not a basis to hold a
defendant liable under § 1983.  See Matthews v. Vela, No. 8:22-cv-1071-MGL-JDA, 2022 WL
2068770, at *3 (D.S.C. May 4, 2022) ("The law is well settled that a claim for negligence is not
actionable under § 1983.") (citing Grayon v. Peed, 195 F.3d 692, 695 (4th Cir. 1999)).

Even if the novel theories for relief offered in plaintiff's Opposition were meritorious, the
Court would still grant Northam's Motion to Dismiss because such a motion requires a court to
consider the sufficiency of the complaint itself, and a plaintiff may not amend his Complaint or
offer new factual allegations in a brief opposing a motion.  See Mylan Laboratories, Inc. v.
Akzo, N.V., 770 F. Supp. 1053, 1068 (D. Md. 1991) ("[I]t is axiomatic that the complaint may
not be amended by the briefs in opposition to a motion to dismiss.") (citation omitted), aff'd, 2
F.3d 56 (4th Cir. 1993).

Finally, Claim 2 refers to "impeachment proceedings." See [Dkt. No. 1] at 11-12. To the extent plaintiff is asking this Court to initiate such proceedings against either former members of the Virginia Parole Board or Governor Northam, it does not have the power to do so. Plaintiff's quotation from the Constitution of Virginia—although misattributed to Article II of that document—makes as much clear, stating that governmental officials are subject to impeachment only by "the House of Delegates," not by a federal court. See VA. CONST. art. IV. For all these reasons, the Motion to Dismiss will be granted with respect to Claim 2.

In Claim 5, plaintiff asserts that, in violation of his rights under the Sixth and Fourteenth Amendments, he was denied a fair parole review process because his application was considered by only four members of the Virginia Parole Board, which is statutorily designed to hold five members. [Dkt. No. 1] at 32-33. As a matter of law, Claim 5 does not state a viable claim for relief.

First, as explained above, the Sixth Amendment is irrelevant to parole proceedings. As for the other proposed legal foundation for Claim 5, neither the Due Process Clause nor the Equal Protection Clause of the Fourteenth Amendment apply to the Complaint's allegations. The Fourteenth Amendment's Due Process Clause guards against unlawful deprivations of life, liberty, or property. U.S. CONST. amend. XIV, § 1. "To state a procedural due process violation, a plaintiff must (1) identify a protected liberty or property interest and (2) demonstrate deprivation of that interest without due process of law." Prieto v. Clarke, 780 F.3d 245, 248 (4th Cir. 2015). "A liberty interest may arise from the Constitution itself" or "from an expectation or interest created by state laws or policies." Wilkinson v. Austin, 545 U.S. 209, 221 (2005). A state-created liberty interest arises when a state law places "substantive limitations on official discretion" through "particularized standards or criteria." Id. at 249 (internal quotation marks

7

omitted).  In other words, where "an administrative process does not require specific substantive outcomes, but merely authorizes and directs particular actions and remedies, the administrative process does not create 'entitlements' subject to constitutional protections under the Fourteenth Amendment."  Forrester v. Bass, 397 F.3d 1047, 1056 (8th Cir. 2005).

Here, it appears plaintiff believes Va. Code § 53.1-134 created a liberty interest in the chance for prisoners to be heard by a full, five-member panel of the Virginia Parole Board.  But this statute not only fails to mandate any specific substantive outcome of a parole proceeding; it does not mandate that there be five members.  Instead, the statute only provides that the maximum number, not the required number of Virginia Parole Board members, is five.  Consequently, this statute does not create a liberty interest for plaintiff or other prisoners, and Governor Northam's failure to ensure that the Parole Board had five members did not violate plaintiff's due process rights.[4]

Nor does the Complaint state a viable claim under an equal protection theory.  The basis for this claim is the assertion that plaintiff was denied his right to equal protection of the law because other inmates, unlike him, received parole consideration by a panel of five Parole Board members.  See [Dkt. No. 16] at 15-18.  This claim is clearly without merit because the Complaint fails to identify any other similarly situated inmates or allege that plaintiff was the target of "intentional or purposeful discrimination."  See Morrison v. Garraghty, 239 F.3d 648, 654 (4th Cir. 2001) ("To succeed on an equal protection claim, a plaintiff must first demonstrate that he has been treated differently from others with whom he is similarly situated and that the unequal

---

[4] Because Governor Northam was not involved in considering plaintiff's eligibility for parole, the Court need not consider at this time the specific level of process plaintiff received in his parole proceedings.  If the remaining defendants in this action—who were members of the Parole Board actually tasked with that responsibility—decide to file a dispositive motion, the Court will consider the adequacy of that process at that time.

treatment was the result of intentional or purposeful discrimination."). Consequently, the Motion to Dismiss will be granted with respect to Claim 5.

**IV.**

For the reasons stated above, Governor Northam's Motion to Dismiss [Dkt. No. 13] will be granted in an Order that will accompany this Memorandum Opinion.

Entered this 22ᵗʰ day of December 2022.

Alexandria, Virginia

/s/
Leonie M. Brinkema
United States District Judge